GIBSON, DUNN & CRUTCHER LLP
CATHERINE A. CONWAY, SBN 98366
  CConway@gibsondunn.com
JESSE A. CRIPPS, SBN 222285
  JCripps@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  BHamburger@gibsondunn.com
TIFFANY PHAN, SBN 292266
  TPhan@gibsondunn.com
MADELEINE MCKENNA, SBN 316088
  MMcKenna@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Defendant
MARATHON REFINING LOGISTICS
SERVICES LLC (erroneously sued as
MARATHON REFINING AND
LOGISTICS SERVICES LLC)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTEL and PAM MOCHERNIAK, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON REFINING AND LOGISTICS SERVICES LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-04547-DSF-JPR<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT MARATHON REFINING AND LOGISTICS SERVICES LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND CAUSE OF ACTION**<br><br>Date:     November 13, 2023<br>Time:     1:30 p.m.<br>Crtrm:   7D<br>Judge:   Hon. Dale S. Fischer<br><br>Action Filed:     May 4, 2023<br>Trial Date:       February 4, 2025 |

Gibson, Dunn &
Crutcher LLP

1

**TABLE OF CONTENTS**

2

I.      INTRODUCTION ............................................................................................... 1

3

II.     ARGUMENT ...................................................................................................... 2

4

        A.      Plaintiffs' Travel Time Claim Fails Because the Employer-
5               Provided Transportation Was Optional ......................................................... 2

6       B.      Plaintiffs' Travel Time Claim Fails Because Marathon's PPE
                Requirement Does Not Establish Employer Control Rendering
7               Commute Time Compensable ....................................................................... 5

8       C.      The Court Should Not Grant Leave to Amend .......................................... 7

        III.    CONCLUSION ................................................................................................. 7
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alvarez v. IBP, Inc.*,
    339 F.3d 894 (9th Cir. 2003) ........................................................................5

*Ballaris v. Wacker Siltronic Corp.*,
    370 F.3d 901 (9th Cir. 2004) ........................................................................5

*Earvana, LLC v. Ernie Ball, Inc.*,
    2014 WL 10919453 (C.D. Cal. July 21, 2014) ...........................................7

*Griffin v. Sachs Elec. Co.*,
    390 F. Supp. 3d 1070 (N.D. Cal. 2019)........................................1, 2, 3, 4, 7

*Griffin v. Sachs Elec. Co.*,
    831 F. App'x 270 (9th Cir. 2020)..................................................................7

*Hernandez v. Pac. Bell Tel. Co.*,
    29 Cal. App. 5th 131 (2018) .........................................................................3

*Morillion v. Royal Packing Co.*,
    22 Cal. 4th 575 (2000) ..........................................................................1, 2, 3

*Nelson v. Wal-Mart Assocs., Inc.*,
    2022 WL 394736 (D. Nev. Feb. 9, 2022)......................................................5

*Overton v. Walt Disney Co.*,
    136 Cal. App. 4th 263 (2006) ....................................................................3, 4

*Rodriguez v. Taco Bell Corp.*,
    896 F.3d 952 (9th Cir. 2018) ........................................................................3

## Regulations

29 C.F.R. §§ 1910.132–1910.134................................................................6

8 Cal. Code Regs. § 3380 et seq. .................................................................6

8 Cal. Code Regs. § 6513 .............................................................................6

8 Cal. Code Regs. § 6786 .............................................................................6

Gibson, Dunn &
Crutcher LLP

REPLY ISO DEFENDANT'S MOTION TO DISMISS PLS.' SECOND CAUSE OF ACTION

## I.   INTRODUCTION

Plaintiffs' opposition confirms that they have failed to state a plausible travel time claim and that it should be dismissed once again—this time without leave to amend. Under *Morillon* and its progeny, "employers may provide optional free transportation to employees without having to pay them for their travel time, as long as employers do not require employees to use this transportation." *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 594 (2000).  Plaintiffs freely admit that the their travel time claim is based on Marathon providing optional transportation to its employees (*see* SAC ¶¶ 24, 29), but argue that the mandatory/optional distinction in *Morillion* is irrelevant because Plaintiffs seek compensation for the last part of their commute that occurred at the work site.  *See* Opp. 6–9.  Plaintiffs' argument has no basis in law, and has already been rejected in this Court's previous order, Dkt. 22, and *Griffin v. Sachs Elec. Co.*, 390 F. Supp. 3d 1070, 1082–83 (N.D. Cal. 2019).

Plaintiffs misconstrue *Griffin* by asserting that it involved "time spent traveling *to* a work site, not *on* a work site."  Opp. 7.  The opposite is true.  As this Court has already explained, *Griffin* held that employees were not entitled to travel time pay while commuting *on the employer's work site*—specifically, while "travel[ing] 12 miles along a private access road owned by the employer to their work unit" after badging in at the employer's security gate.  Dkt. 22 at 9; *see Griffin*, 390 F. Supp. 3d at 1095 ("Plaintiff's travel time on the Access Road do not equate to control within the meaning of 'hours worked' under Wage Order 16.").  And as this Court recognized previously, *Griffin* is analogous and precludes Plaintiffs' theory for travel time pay here.  *See* Dkt. 22 at 9 ("Plaintiffs have not pleaded facts distinguishing this case from *Griffin*.").  Plaintiffs point to only two facts that they claim distinguish this case from *Griffin*:  that employees were not allowed to drive their own personal vehicles on site, and that employees (like every other individual who entered the refinery) were required to wear personal protective equipment ("PPE").

This Court already rejected Plaintiffs' argument regarding the prohibition of

personal vehicles at the refinery, reasoning that there is no "material difference . . . between badging in and traveling by foot or car across an employer's premises." Dkt. 22 at 10. And Plaintiffs' argument regarding PPE fares no better. While Plaintiffs admit that they are not asserting a claim for donning and doffing of PPE, they nonetheless rely solely on authority governing donning and doffing on premises rather than travel time. Plaintiffs also concede that wearing PPE is required by the Occupational Safety and Health Administration and California law, Opp. 11, and not an independent mandate imposed by Marathon. The PPE requirement is thus an "inherent feature" of working at the refinery that is insufficient to show employer control necessary for a travel time claim. *Griffin*, 390 F. Supp. 3d at 1089–90. Plaintiffs fail to cite any case supporting their position that they are entitled to compensation for their commute within the refinery just because they were required wearing PPE, which is a basic safety requirement for all individuals—employee or otherwise—at the refinery. As in *Griffin*, Marathon did not require Plaintiffs to use employer-provided transportation or exert employer control sufficient to render their commute time compensable, and Plaintiffs' travel time claim fails.

Plaintiffs again seek leave to amend if the Court is inclined to dismiss Plaintiffs' travel time claim. *See* Opp. 12. Plaintiffs, however, have not identified any facts that could cure the defects in their travel time claim, and they have been given multiple chances to state a claim (including leave to amend after the Court's prior dismissal order). The Court should thus dismiss the travel time claim with prejudice.

## II.    ARGUMENT

## A.    Plaintiffs' Travel Time Claim Fails Because the Employer-Provided Transportation Was Optional

The California Supreme Court's leading decision on the compensability of travel time—*Morillion*—turned on whether the use of the employer-provided transportation was compulsory or optional. *Morillion*, 22 Cal. 4th at 587 ("By 'direct[ing]' and 'command[ing]' plaintiffs to travel between the designated departure points and the

fields on its buses, Royal 'control[led]' them within the meaning of 'hours worked' under [the Wage Order].");  *see also id.* at 594 ("As we have emphasized throughout, Royal *required* plaintiffs to ride its buses to get to and from the fields, subjecting them to its control for purposes of the 'hours worked' definition." (emphasis in original)).  In fact, the phrase "compulsory travel time" appears 22 times in the Court's opinion, clearly indicating that the non-optional nature of the travel was important to the court's conclusion.  And the Court took pains to explain that, despite its holding that the compulsory travel time at issue there was compensable, the court "remain[ed] optimistic that employers will not be discouraged from providing free transportation as a service to their employees" and that "employers may provide optional free transportation to employees without having to pay them for their travel time, as long as employers do not require employees to use this transportation."  *Id*. at 594.

Courts have therefore read *Morillion* as turning on whether employees had a choice of whether to use the employer-provided transportation.  *See, e.g.*, *Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 957 (9th Cir. 2018); *Hernandez v. Pac. Bell Tel. Co.*, 29 Cal. App. 5th 131, 139 (2018); *Overton v. Walt Disney Co.*, 136 Cal. App. 4th 263, 271 (2006).  Consistent with that authority, in previously dismissing Plaintiffs' travel time claims, this Court held that "[t]he mandatory nature of the transport was an essential fact in the analysis," and the "key factor" was "the mandatory or optional nature of the employer provided transportation."  Dkt. 22 at 7, 8.  Plaintiffs nonetheless argue that the mandatory or voluntary nature of employer-provided transportation is irrelevant here because they seek compensation for time commuting "on the [employer's] work site," as opposed to time commuting outside an employer's premises.  *See* Opp. 1, 6–9.

Plaintiffs' argument is premised on a misreading of *Griffin v. Sachs Elec. Co.*, 390 F. Supp. 3d 1070 (N.D. Cal. 2019), which this Court previously noted was analogous to the facts of this case.  *See* Dkt. 22 at 9.  In *Griffin*, plaintiffs sought compensation for time spent "travel[ing] on the [employer's private] [a]ccess [r]oad to reach [their] work zone" after passing the employer's security gate—travel which was indisputably on the

employer's premises.  390 F. Supp. 3d at 1085.  The court held that travel time was not compensable because the employer did not require employees to use employer-provided transportation, and thus employees were not subject to the employer's control during their commute despite being on the employer's premises.  *Id.* at 1087.  In recognizing the parallels between the facts of our case and *Griffin*, this Court held that "*Griffin* seems to contemplate that badging in and traveling across the work campus on-foot is the paradigmatic example of non-compensable travel time."  Dkt. 22 at 8, 10.  While the plaintiffs in *Griffin* were allowed to drive their own personal vehicles while commuting on the employer's worksite, this Court held that there was no "material difference . . . between badging in and travelling by foot or car across an employer's premises."  Dkt. 22 at 10.

Plaintiffs here admit that they were free to walk the distance from the security gate to their job site rather than take Marathon-provided transportation.  SAC ¶¶ 24, 29. Plaintiffs argue that some employees were required to take employer-provided transportation because they could not "realistically walk to their work units because of where the work unit is located inside the Refinery."  Opp. at 2, 9.  But, as this Court previously noted, the California Court of Appeal in *Overton* rejected the argument that "*Morillion* mandates travel time payments to employees who, as a practical matter, are required to use an employer-provided shuttle because no alternative transportation is available or feasible."  Dkt. 22 at 10 (quoting *Overton*, 136 Cal. App. 4th at 272).  And "the length of time spent by the employee in the conduct at issue—whether relatively short or relatively long—is not relevant to the analysis of whether the time constitutes compensable work."  Dkt. 22 at 10 (quoting *Griffin*, 390 F. Supp. 3d at 1089).  As this Court previously concluded, "optional employer-provided bicycles and shuttles do not become mandatory simply because they are convenient."  Dkt. 22 at 10.

Plaintiffs also again argue that they are subject to Marathon's control after arriving at their work units because they "may not clock in until shortly before the[ir] shift begins."  Opp. at 4.  Plaintiffs do not explain how the alleged rule prohibiting them

from clocking in until shortly before their scheduled shift amounts to employer control over their commute. Plaintiffs do not allege that Marathon requires them to arrive at their work unit early, or that Marathon requires them to complete some other task at their work unit before clocking in. Rather, Plaintiffs seem to take issue with the fact that, if they show up to their work unit early on their own volition, Marathon does not pay them for that additional time. Plaintiffs fail to cite any case holding that compensation for such time is required—and for good reason, as employees could arrive long before they are scheduled to work and then demand compensation for that voluntary choice.

**B.** **Plaintiffs' Travel Time Claim Fails Because Marathon's PPE Requirement Does Not Establish Employer Control Rendering Commute Time Compensable**

The only other allegation Plaintiffs offer to establish employer control is that employees (like all individuals who enter the refinery) must wear PPE when on refinery grounds. Plaintiffs fail to cite to any case holding that a PPE requirement renders commute time compensable. Instead, Plaintiffs cite to a series of federal cases regarding donning and doffing time that have nothing to do with travel time under California law. In *Alvarez v. IBP, Inc.*, 339 F.3d 894, 904 (9th Cir. 2003), the Ninth Circuit held the time that employees in a Washington meat processing plant spent donning and doffing PPE was compensable under the FLSA. In *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910 (9th Cir. 2004), the Ninth Circuit held that that the time employees spent changing into and out of uniforms on the company's premises constituted "work" time under the FLSA. In *Nelson v. Wal-Mart Assocs., Inc.,* 2022 WL 394736, at *6 (D. Nev. Feb. 9, 2022), the district court held that the plaintiffs alleged a facially plausible claim that donning PPE is compensable under the FLSA. These cases are inapposite.

First, in each case, the issue was whether employees were entitled to compensation for donning and doffing PPE or uniforms under the FLSA—and specifically, whether donning and doffing PPE or uniforms fell within the Portal-to-Portal Act exemption for wage liability. Plaintiffs have not alleged a cause of action

under the FLSA, and these cases provide no support for Plaintiffs' assertion that they should be compensated for commute time under California law based on a PPE requirement.

Second, unlike the plaintiffs in *Alvarez*, *Ballaris*, and *Nelson*, Plaintiffs concede that they do not seek compensation for the time they spend donning and doffing PPE. *See* Opp. at 9, n. 1 ("Plaintiffs do not claim that the time employees spend donning/doffing PPE itself is compensable."). Rather, Plaintiffs seek to import case law related to donning and doffing claims to buttress their travel time claim, but Plaintiffs cite no authority saying that travel time becomes compensable simply because there is a PPE or uniform requirement at a worksite.

Unlike the cases they cite, Plaintiffs also readily admit that Marathon employees have the option to change into PPE at home, prior to entering the refinery. Opp. at 9, n.1. Plaintiffs argue that wearing PPE subjects employees to employer control and renders commute time into compensable travel time because it "[b]egins their workday." *Id.* at 9. This is akin to arguing that an employee at a shopping mall food court "begins their workday" when they put on their uniform at home, and thus their walk from the parking lot through the mall to their "work unit" is compensable travel time. That cannot be the law, and Plaintiffs cite no authority suggesting that it is.

Plaintiffs also admit that all individuals who enter the refinery—including non-employee visitors—must wear PPE on refinery grounds, and that wearing PPE is required by law. Opp. at 11, 12; *see* 29 C.F.R. §§ 1910.132–1910.134 ("Protective equipment, including personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition"); 8 Cal. Code Regs. §§ 3380 et seq., 6513 (mandating use of personal protective apparel and equipment under Department of Industrial Relations Petroleum Safety Order), 6786 (mandating use of personal protective apparel and equipment under Department of Industrial Relations Petroleum Safety Order). This "common sense" requirement is not

an "independent direction or command" imposed by Marathon on its employees, but rather an "inherent" feature of being present at a refinery that is required by law.  *See Griffin*, 390 F. Supp. 3d at 1089–91 (stating that rules "stem[ming] from requirements of the California Endangered Species Act" did not amount to employer control); *see also Griffin v. Sachs Elec. Co.*, 831 F. App'x 270, 271–72 (9th Cir. 2020) ("The rules governing the drive were not particularly burdensome and reflected the nature of the property—a remote, private ranch containing cattle, as well as endangered species and their habitat.").

Plaintiffs argue that the rules in *Griffin* were meant to "protect wildlife," and thus are distinguishable from the PPE requirement here that is meant to protect the health and safety of refinery employees and visitors.  Opp. at 11.  But that is an immaterial distinction.  As with the rules in *Griffin*, the PPE requirement here is mandated by law and "an inherent feature of the [work] site rather than an independent direction or command imposed by [Marathon] on its employees."  *Griffin*, 390 F. Supp. 3d at 1089. The PPE requirement thus does not support Plaintiffs' argument that Marathon exerted control over employees during their commute to work.

## C.    The Court Should Not Grant Leave to Amend

Despite filing a third complaint, Plaintiffs request leave to amend their travel time claim if this Court is inclined to dismiss it, Opp. at 12, but Plaintiffs fail to identify any facts that could be alleged that would cure the defects.  *See, e.g.*, *Earvana, LLC v. Ernie Ball, Inc.*, 2014 WL 10919453, at *3 (C.D. Cal. July 21, 2014) (dismissing claim with prejudice where the plaintiff's opposition "offer[ed] no explanation as to how it could amend its complaint to adequately state a claim").

## III.    CONCLUSION

The Court should dismiss Plaintiffs' Second Cause of Action with prejudice.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:   October 30, 2023

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Bradley J. Hamburger*

Catherine A. Conway
Jesse A. Cripps
Bradley J. Hamburger
Tiffany Phan
Madeleine F. McKenna

Attorneys for Defendants
*MARATHON REFINING LOGISTICS
SERVICES LLC* (erroneously sued as
MARATHON REFINING AND
LOGISTICS SERVICES LLC)