JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
NICOLE GRINSTEIN (CA Bar No. 320889)
(Email: ngrinstein@gslaw.org)
**GILBERT & SACKMAN
A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys for Plaintiffs Louis Butel
and Pam Mocherniak*

[*Additional counsel listed on the next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTEL and PAM MOCHERNIAK, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON REFINING AND LOGISTICS SERVICES LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-04547-DSF-JPR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT MARATHON REFINING AND LOGISTICS SERVICES LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:       May 13, 2024<br>Time:      1:30 p.m.<br>Crtrm:    7D<br>Judge:    Hon. Dale S. Fischer<br><br>Complaint Filed: May 4, 2023<br>Trial Date:           February 4, 2025 |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**

RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
SARAH CAYER (CA Bar No. 334166)
(Email: scayer@hadsellstormer.com)
**HADSELL STORMER RENICK & DAI LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

# INTRODUCTION

Defendant Marathon Refining and Logistics Services LLC ("Defendant" or "Marathon" herein) claims that *Huerta v. CSI Elec. Contractors*, 15 Cal.5th 908 (2024), provides "a change of law" warranting reconsideration of the Court's Order denying Marathon's Motion to Dismiss Plaintiffs' Second Cause of Action for failure to pay travel time and dismissal of the travel time and derivative claims. In its Motion for Reconsideration, Defendant's very restating of arguments previously made to the Court shows that *Huerta* provides neither a material difference in the law previously presented to this Court nor an emergence of a change of law warranting reconsideration and deviation from the Court's prior decision denying Defendant's motion to dismiss.

*Huerta* affirms what this Court and others have already concluded: employees are not subject to employer control simply because they are subject to "general site rules," such as smoking restrictions and speed limits. *See Huerta*, 15 Cal.5th at 928. The decision ratifies the interpretation of Industrial Welfare Commission (IWC) wage orders adopted by the district court in *Griffin v. Sachs Elec. Co.*, 390 F.Supp.3d 1070 (N.D. Cal. 2019), that "general workplace rules" do not subject employees to the control of employers "within the meaning of the IWC wage orders." *Griffin*, 390 F.Supp.3d at 1092. This Court heavily weighed the analysis and reasoning in *Griffin* in ruling on the two motions to dismiss filed in this action and determining that Plaintiffs' allegations in the Second Amended Complaint (SAC), which identify the highly *specialized* personal protective equipment (PPE) that Marathon requires of its employees once they enter the worksite, go beyond basic workplace rules and suggest exercise of control over employees which would render their time compensable.

Defendant now makes its third attempt at dismissal of Plaintiffs' travel time claim on the basis of a mischaracterization and misapplication of *Huerta*. In *Huerta*, the California Supreme Court found that "an employer's imposition of ordinary workplace rules on employees during their drive to the worksite in a personal vehicle does not create the requisite level of employer control." *Huerta*, 15 Cal.5th at 916. Like *Griffin*,

1

the decision only addresses "ordinary workplace rules;" it does not foreclose travel time claims where, as alleged here, employees are subject to heightened surveillance and highly specialized PPE requirements and may be disciplined for violating their employer's PPE policies. SAC, Dkt. 31 ¶¶ 23, 26. Nowhere does *Huerta* discuss specialized PPE requirements, let alone hold that they cannot impose employer control, as Defendant contends. Similarly, no reading of *Huerta* supports the proposition that employer control is negated where state and federal regulations govern workplace conditions as Defendant claims.

Because this Court has already determined that the Second Amended Complaint pleads facts that are beyond ordinary workplace rules, reconsideration is not warranted.

## BACKGROUND

Defendant seeks reconsideration of the Court's Order Denying Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action. Plaintiffs filed this putative class action against Marathon to recover, among other things, wages for the periods when Plaintiffs were subject to their employer's control but were not paid for their time. Dkt. 1-2 (Complaint) ¶¶ 15-20, 24-26. In their original complaint, Plaintiffs' Second Cause of Action alleged that Marathon failed to pay employees for the time spent traveling inside the Los Angeles Refinery ("Refinery") from the security gate entrance, where employees are required to badge in, to their individual work units, where they clock in. *Id.* ¶ 25. Plaintiffs alleged that they must either walk or use company-provided transportation while on-site. *Id.*

Defendant has twice moved to dismiss Plaintiffs' travel time claim. Dkt. 15, 34. Marathon first moved to dismiss the claim as alleged in Plaintiffs' First Amended Complaint on July 24, 2023. Dkt. 15. The Court dismissed Plaintiffs' travel time claim without prejudice, finding that "Plaintiffs [had] not pleaded sufficient facts to plausibly allege Marathon's control under current law." Dkt. 22 at 8. The Court noted the Ninth Circuit had recently certified two questions in *Huerta* to the California Supreme Court, both of which related to the compensability of time spent in a personal vehicle on an

1  employer's premises. *Id.* The Court recognized that, depending on the outcome of
2  *Huerta*, the law surrounding compensable travel time may change; however, as the law
3  was currently written, Plaintiffs had not pled a travel time claim. *Id.* The Court came to
4  this conclusion by closely examining *Griffin v. Sachs Elec. Co.*, which had found that
5  time spent in a personal vehicle on an employer's premises was not compensable
6  simply because employees were subject to general workplace safety rules. 390
7  F.Supp.3d 1070, 1089 (N.D. Cal. 2019), *aff'd* 831 F. App'x 270 (9th Cir. 2020). Noting
8  that *Griffin* held that time spent traveling between a security gate and a work unit is not
9  compensable without other indicia of control beyond basic workplace rules, this Court
10 found that Plaintiff's First Amended Complaint failed to plead facts which would
11 distinguish this case from *Griffin* and state a travel time claim. Dkt. 22 at 9–10.

   Plaintiffs then filed their Second Amended Complaint, which alleged additional
details about the control and surveillance that Plaintiffs are subject to after they enter
through the Refinery turnstiles. Dkt. 31 ¶¶ 23–26. Specifically, the Second Amended
Complaint alleged that "Marathon requires employees, including operators and
maintenance workers, at the Los Angeles Refinery to wear personal protective
equipment ("PPE"), such as hard hats, safety glasses, Flame Retardant Clothing
("FRC"), special footwear, goggles, gloves, hearing protection, and other specialized
items such as hydrogen sulfide (H2S) monitors (which are used to monitor exposure to
poisonous gas) everywhere inside the refinery, with the exception of very limited areas
of the refinery specifically designated as exempt." Dkt. 31 at ¶ 23.

   Marathon again moved to dismiss Plaintiffs' Second Cause of Action, Dkt. 34,
and the Court denied the Motion, Dkt. 38. In denying the Motion, the Court recognized
that the Second Amended Complaint specified that employees are required to "wear
specialized equipment and carry specialized items" or else risk discipline. Dkt. 38 at 5.
The Court found that the additional facts in Plaintiffs' Second Amended Complaint that
identified specialized worksite rules "distinguish[ed] their case from *Griffin*." Dkt. 38 at
5. The Order did not refer to *Huerta* or suggest that *Huerta* would affect the Court's

3

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF
THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**

decision, which was based on the Second Amended Complaint with Plaintiffs' additional facts. *Id.*

## ARGUMENT

A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 2003).

In addition, Central District Local Rule 7-18 imposes the requirements that a motion for reconsideration may be made only on the ground of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or **a change of law** occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L-R. 7-18 (emphasis added). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.* Defendant's Motion for Reconsideration appears to argue that *Huerta* changes the law enough that the Court's Order merits reconsideration. However, Defendant fails to identify how the law has changed and instead reiterates the same arguments this Court has rejected. Defendant's one ostensible new argument is based on a misreading of *Huerta* and also fails to address the difference between the highly specialized PPE described in the SAC and the rules that "are necessary and appropriate in virtually every workplace" that were at issue in *Huerta*. 15 Cal.5th at 929. Defendant fails to identify a change in law with respect to Plaintiffs' travel time claims because the law has not changed, and therefore, Defendant's motion should be denied.

4

## I. *Huerta* does not change the law controlling Plaintiffs' travel time claim.

*Huerta* held that time spent traveling in a personal vehicle between an entry gate and a parking lot is not compensable simply because ordinary workplace rules apply. 15 Cal.5th at 930. Defendant fails to differentiate this holding from existing precedent that this Court has already considered, *Griffin v. Sachs Elec. Co.* As this Court discussed when it partially granted Defendant's initial Motion to Dismiss, *Griffin* also found that the travel time between a security gate and a parking lot was not compensable, even though employees were subject to various legal and worksite requirements, such as following a low speed limit to protect surrounding wildlife. *Griffin*, *supra,* 390 F.Supp.3d at 1074; Dkt. 22 at 9-10. *Huerta* and *Griffin* examined similar sets of facts,[1] and nothing in *Huerta* differentiates the holding from *Griffin*.

In both *Huerta* and *Griffin*, the plaintiffs sought compensation for time spent traveling on an access road that ran between public streets and a workplace parking lot, an "inherent feature" of the worksite. *Huerta*, *supra*, 15 Cal.5th at 917; *Griffin*, *supra*, 390 F.Supp.3d at 1088. In both cases, the plaintiffs traveled in personal vehicles and were subject to general road safety rules. Both courts determined that the rules of the access road were general workplace rules, insufficient to establish control for purposes of the wage orders. *Huerta*, 15 Cal.5th at 930, *Griffin*, 390 F.Supp.3d at 1089–90. Both cases were also decided at the summary judgment stage, with the benefit of a fully developed record. *Huerta*, 15 Cal.5th at 917; *Griffin*, 390 F.Supp.3d at 1095.

This Court has already found that Plaintiffs' allegations in the Second Amended Complaint adequately distinguish this case from *Griffin*, and it is apparent from Defendant's Motion for Reconsideration that Defendant cannot distinguish *Griffin* from *Huerta*. Despite Local Rule 7-18's prohibition of a movant repeating arguments, Defendant raises the same arguments in its Motion for Reconsideration as it did in its

---

[1] Indeed, *Huerta* involved the very same worksite with the same general workplace rules as *Griffin v. Sachs Elec. Co.*, 390 F. Supp. 3d 1070 (N.D. Cal. 2019). *See Huerta v. CSI Elec. Contractors, Inc.*, 39 F.4th 1176, 1178 (9th Cir. 2022).

5

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**

1  Motion to Dismiss, substituting *Huerta* for *Griffin*. Indeed, in its Motion to Dismiss,
2  Defendant argued that "general workplace rules" were insufficient to show the requisite
3  level of control to state a travel time claim. Dkt. 34-1 at 8. Defendant makes the same
4  argument in its Motion for Reconsideration.[2]

5      This Court already adopted the interpretation of the law that "general workplace
6  rules" do not constitute sufficient control to render the time compensable. Dkt. 22 at 9-
7  10; Dkt. 38 at 4-5. Applying this interpretation, it recognized that the extensive PPE
8  rules to which Plaintiffs are subject in this case "plausibly suggest" that Marathon
9  exercised control "between the turnstiles and the work stations." Dkt. 38 at 5. In its
10 Order denying the Motion to Dismiss Second Amended Complaint, this Court
11 determined that the PPE rules at issue here go beyond the "inherent features of the
12 workplace" that are not compensable. Dkt. 38 at 5-6. As this Court identified, there is a
13 difference between subjection to strict PPE rules that include specialized clothing,
14 safety equipment, and H2S monitors and subjection to a general speed limit. *Id.* at 5.
15 Nothing in *Huerta* supports arguments to the contrary. By repeating its prior arguments
16 about *Griffin*, Defendant shows that nothing in *Huerta* should cause this Court to
17 reconsider its prior decision.

18 **II.  Defendant misreads *Huerta* to support the only new argument in its**
19      **Motion to Dismiss.**

20     Defendant's sole unique argument is that *Huerta* supports its proposition that "an
21 action required by law cannot also be indicative of employer control." Dkt. 64-1 at 7.
22 Defendant does not—and cannot—point to any language from *Huerta* that, in fact,

---

[2] Specifically, Defendant states: "The rules that Plaintiffs say constitute employer control are Marathon's 'general Site rules' including 'safety and personal protective equipment rules,' 'alcohol and drug policies,' and 'rules of the road,' which 'do not amount to a level of control sufficient to render the travel time compensable as 'hours worked'' for an unpaid travel time claim as *Huerta* has now clarified." Dkt. 64-1 at 7.

6

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**

states this principle, and it still remains unable to support it with any other legal authority.

*Huerta*, like *Griffin*, simply recognizes that the mere application of basic workplace rules "designed to ensure safe, lawful, and orderly conduct while traveling on an employer's premises," such as a speed limit, does not indicate employer control. *Huerta*, *supra*, 15 Cal.5th at 929. *Huerta* does not say that the laws governing highly regulated and specialized workplaces, such as the Refinery, cannot indicate control. Rather, *Huerta* addresses "general Site rules and the 'rules of the road,'" rules also addressed in *Griffin* and rules which this Court distinguished from the extensive and specific personal protective equipment that Plaintiffs describe in the Second Amended Complaint. *Huerta*, 15 Cal.5th at 929. Dkt. 38 at 5.

Defendant's legal theory relies entirely on a single passing reference to "safety and personal protective equipment rules" in a description of "the general Site rules" the court considered in *Huerta*. 15 Cal.5th at 928. *See also* Dkt. 64-1 at 1, 2, 5, 6, and 7. There is no discussion in *Huerta* about PPE requirements for employees, let alone specialized PPE or even when or where PPE was required to be worn. Nonetheless, Defendant argues that this single reference in *Huerta* definitively establishes that no PPE requirements can subject an employee to employer control. Dkt. 64-1 at 1. As discussed above, *Huerta* does not stand for such a broad proposition; it addresses rules "designed to ensure safe, lawful, and orderly conduct while traveling on the employer's premises," which are "necessary and appropriate in virtually every workplace." *Huerta*, 15 Cal.5th at 929. As this Court has found, the PPE requirements alleged in the SAC are extensive, specialized, and expose Plaintiffs to heightened surveillance and a risk of discipline. Dkt. 38 at 5-6. *Huerta* cannot be read to hold that safety rules and PPE policies, no matter how onerous or stringently enforced, never amount to employer control under IWC wage orders.

7

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**

## CONCLUSION

*Huerta* affirms *Griffin* and supports this Court's decision to deny Defendant's Motion to Dismiss Plaintiffs' Second Cause of Action. *Huerta* does not materially change the law, nor does it in any way warrant reconsideration of the Court's Order denying Defendant's Motion to Dismiss. As this Court found, Plaintiffs' Second Amended Complaint describes a level of control beyond the general rules of a jobsite and should not be dismissed.

DATED: April 22, 2024                         HADSELL STORMER RENICK & DAI LLP

                                                             GILBERT & SACKMAN, A LAW CORPORATION

By:    */s/   Joshua F. Young*
         Joshua F. Young
         *Attorneys for Plaintiffs*

8

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON MOTION TO DISMISS 2ND AMENDED COMPLAINT**