# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS BUTEL and PAM MOCHERNIAK individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON REFINING AND LOGISTICS SERVICES LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04547-DSF-JPR<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

On May 4, 2023, Plaintiffs filed their complaint against Defendant in *Louis Butel, et al. v. Marathon Refining and Logistics Services LLC, et al.,* in the Superior Court of the State of California for the County of Los Angeles. Defendant removed to this Court. Plaintiffs subsequently filed a First Amended Complaint on July 10, 2023, and a Second Amended Complaint on September 29, 2023, which is the operative complaint in this Action (the Complaint). The Complaint alleges the following causes of action:[1] (1) failure to pay reporting time pay; (2) failure to pay all wages earned at termination; (3) failure to furnish accurate itemized wage statements; and (4) the California Private Attorneys General Act. Plaintiffs seek unpaid wages, statutory penalties, restitution, attorneys' fees and costs, interest, and injunctive and declaratory relief for the time period from May 4, 2020, to the present.

Following an extensive investigation and arm's-length and good-faith negotiations during a mediation with the Honorable Carla Woehrle (Ret.) on October 22, 2024, Plaintiffs and Defendants reached a tentative settlement agreement, which was subsequently reduced to writing and has been filed with this Court.

Plaintiffs move for this Court to:

1. Preliminarily approve the class action settlement for $9,000,000;
2. Preliminarily and conditionally certify the class for purposes of settlement;
3. Preliminarily appoint Plaintiffs Louis Butel and Pam Mocherniak as class representatives for purposes of settlement;
4. Preliminarily appoint Hadsell Stormer Renick & Dai LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement;
5. Approve as to form and content the Proposed Notice of Class Action Settlement;
6. Direct that the Notice of Class Action Settlement be mailed to the Settlement Class members; and
7. Schedule a fairness hearing on the question of whether the proposed

---

[1] The Complaint also asserts a cause of action for failure to pay for travel time, which this Court dismissed on May 29, 2024.

settlement should be finally approved as fair, reasonable, and adequate as to the members of the Settlement Class.

The Motion for Preliminary Approval of Settlement Agreement came on regularly for hearing before this Court on November 17, 2025.

The Court, having received and fully considered Plaintiffs' notice, motion and memorandum of points and authorities, the Settlement Agreement, as amended, the Notice of Class Action Settlement, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, ORDERS and MAKES DETERMINATIONS as follows:

1. All defined terms shall have the same meaning as set forth in the Joint Stipulation of Class Action Settlement and Release, as amended (Settlement Agreement) executed by the Parties and filed with this Court.

2. The Court finds that certification of the following class for purposes of settlement is appropriate: All current and former operators and lab workers of Marathon who worked at the Los Angeles Refinery, and who have been assigned primary relief shifts, since May 4, 2020, through preliminary approval.

3. The Court appoints Plaintiffs Louis Butel and Pam Mocherniak as class representatives for purposes of settlement.

4. The Court appoints Hadsell Stormer Renick & Dai LLP and Gilbert & Sackman, A Law Corporation, as class counsel for purposes of settlement.

5. Federal Rule of Civil Procedure 23(e) requires court approval of a class action settlement. Approval is a two-step process under Rule 23(e). "[T]he Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 602 (N.D. Cal. 2015).

Preliminary approval of a settlement is appropriate when the settlement: (1) falls within the range of possible approval; (2) appears to be the product of serious, informed,

non-collusive negotiations; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) has no obvious deficiencies. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

6. The Court has reviewed the Settlement Agreement and the proposed Notice of Class Action Settlement, which are incorporated by reference. The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential class members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiffs have asserted violations of California labor laws. Defendant agrees to a class settlement in the interest of compromising and resolving the class action. The Parties recognize the risk involved in prosecuting and defending the class action including significant delay, defenses asserted by Defendant, and further potential appellate issues.

7. It further appears that the proposed Settlement has been reached as the result of intensive, serious and non-collusive arm's-length negotiations. It further appears that extensive investigation and research have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions. Class Counsel has significant experience in wage and hour class actions. The proposed Settlement was reached through extensive negotiations and with the involvement of an experienced mediator, the Honorable Carla Woehrle (Ret.).

8. It further appears that the proposed Settlement does not improperly grant preferential treatment to class representatives and has no obvious deficiencies.

9. In connection with its preliminary approval of the Settlement, the Court appoints AB Data Class Action Administration to act as the Settlement Administrator which will administer the Settlement according to the terms of the Settlement Agreement, as approved by this Court.

**APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT**

10. Rule 23(e) provides that a court "must direct notice in a reasonable manner

to all class members who would be bound by" a proposed class action settlement. Fed. R. Civ. Pro. 23(e)(1). This Court finds the proposed Notice of Class Action Settlement, which is attached hereto as Exhibit A, fairly and adequately advises the potential class members of the terms of the proposed Settlement, as well as the right of class members to opt out of the class, to challenge the number of Work Weeks reported by Defendant from its records, to file documentation in objection to the proposed Settlement, and to appear at the Final Approval Hearing to be conducted on the date set forth below. The Court further finds that Notice of Class Action Settlement and proposed distribution of such notice by first-class mail to each identified class member at his or her last known address comports with all constitutional requirements, including those of due process.

11. The Court approves the proposed Notice of Class Action Settlement and orders the Settlement Administrator to distribute the Notice, in the manner and pursuant to the procedures described in the Settlement.

12. If more than three percent (3%) of the Settlement Class submits timely and valid requests for exclusion pursuant to the terms and procedures of the Notice of Class Action Settlement, this entire Settlement Agreement shall become voidable and unenforceable as to Plaintiffs and Defendant, at Defendant's sole discretion any time before Final Approval.

13. Any uncashed checks will be provided to the California State Controller's Office Unclaimed Property Fund to hold the uncashed check for the benefit of the Class Member to whom the payment was designated under the state's Unclaimed Property Law.

### FINAL APPROVAL/FAIRNESS HEARING AND SCHEDULE

14. The Court grants the Plaintiffs' motion to set a fairness hearing for final approval of the Settlement (Final Approval/Fairness Hearing) and orders the following schedule of dates for further proceedings:

    a. Mailing of the Notice of Class Action Settlement to the class shall be completed on or before January 12, 2026 (21 calendar days after Defendant provides the Class List to the Settlement Administrator);

      b. Posting of Plaintiffs' Motion for Attorney's Fees and Costs on the Settlement Administrator's website no less than 14 days prior to the deadline for class members to file an objection to the Settlement Agreement; and

      c. The deadline for class members to file and submit written objections and requests for exclusion shall be March 13, 2026 (60 calendar days from the mailing of the Notice of Class Action Settlement). The deadline for class members to file a dispute of Work Weeks shall be March 13, 2026 (60 calendar days from the mailing of the Notice of Class Action Settlement).

15. The Final Approval/Fairness Hearing will be held on April 27, 2026, at 1:30 p.m. Class Members may attend the hearing via Zoom or in person at the United States District Court, First Street U.S. Courthouse, Courtroom 7D, 7th Floor, 350 W 1st Street, Los Angeles, CA 90012. Instructions are provided by the Court at: https://apps.cacd.uscourts.gov/Jps/honorable-dale-s-fischer. Members of the class may appear and present objections at the Final Approval/Fairness Hearing in person or by counsel.

16. Plaintiffs shall file a Motion for Final Approval thirty-five calendar days prior to the hearing.

17. The Court expressly reserves the right to adjourn or to continue the Final Approval/Fairness Hearing without further notice to class members, except that notice of a continuance shall be provided to all class members who submit a proper objection.

18. IT IS FURTHER ORDERED that, if for any reason the Court does not grant final approval of the Settlement Agreement, or the Settlement Agreement otherwise does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement and all evidence and proceedings held in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the Class Action as more specifically set forth in the Settlement.

1 **IT IS SO ORDERED.**

3 DATED: November 24, 2025

                                              HONORABLE DALE S. FISCHER
                                              United States District Judge

## *NOTICE OF CLASS ACTION SETTLEMENT*

&lt;ClaimID&gt; &lt;Barcode&gt;
&lt;FirstName&gt; &lt;LastName&gt;
&lt;Address&gt;
&lt;City&gt; &lt;State&gt; &lt;Zip&gt;

Plaintiffs Louis Butel and Pam Mocherniak, individually and on behalf of all similarly situated current and former employees (collectively "Plaintiffs") v. Defendant Marathon Refining Logistics Services LLC ("Defendant" or "Marathon")

United States District Court
Central District of California
No. 2:23-CV-04547-DSF-JPR

TO: All current and former operators and lab workers of Marathon who worked at the Los Angeles Refinery, and who have been assigned primary relief shifts since May 4, 2020.

YOU RECEIVED THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A CLASS MEMBER. AS A CLASS MEMBER, YOU DO NOT NEED TO DO ANYTHING TO RECEIVE A PAYMENT DESCRIBED IN THIS NOTICE. THE COURT HAS NOT DETERMINED THAT MARATHON VIOLATED THE LAW. THE TWO SIDES DISAGREE ON WHETHER THE PLAINTIFFS OR MARATHON WOULD HAVE PREVAILED IF THE CASE HAD GONE TO TRIAL. MARATHON DENIES THAT IT VIOLATED ANY LAWS.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | To receive your Settlement Payment, you do not need to do anything. Your Individual Settlement Payment will be automatically mailed to you after the Court grants final approval of the Settlement and the Settlement becomes effective. You will give up your right to sue Marathon separately about the legal claims in this Lawsuit. |
| **CHANGE CONTACT AND ADDRESS INFORMATION** | Update your personal information if it changes to ensure your check is mailed to the correct address. |
| **EXCLUDE YOURSELF** | You may exclude yourself ("opt out") from the Settlement if you do not wish to participate in the Settlement. If you exclude yourself, you will not receive the full amount of your Individual Settlement Payment. This is the only option that allows you to keep open the possibility of pursuing claims (in your own lawsuit) against Marathon for the same wrongs alleged in this Lawsuit. |

1

| | |
|---|---|
| | If you opt out, you will not receive the full amount of the Individual Settlement Payment. Instead, you will be entitled to a lesser amount that only corresponds to the settlement of claims for civil penalties under Private Attorneys General Act (PAGA), Labor Code 2698 *et seq*. Class members cannot opt out of the settlement of these PAGA claims and will receive their PAGA settlement payments regardless of whether they submit an exclusion request. |
| **OBJECT** | Send a written objection to the Claims Administrator if you think the Settlement is not fair. You may also ask to speak in the court proceedings about why you think the Settlement is not fair. **NOTE**: If you ask to exclude yourself from the Settlement, you cannot also object. |

**YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

| BASIC INFORMATION |
|---|

1. **Why Should You Read This Notice?**

A proposed settlement (the "Settlement") has been reached in the class action lawsuit pending in the United States District Court for the Central District of California, titled *Louis Butel and Pam Mocherniak, et al. v. Marathon Refining and Logistics Services LLC*, Case No. 2:23-CV-04547-DSF-JPR (the "Class Action"). If the court approves the Settlement, the Settlement will resolve all claims in the Class Action.

The purpose of this Notice is to inform you about the Settlement and to explain your rights and options with respect to the Class Action and the Settlement.

2. **How Much Is My Share Of The Settlement?**

Defendants' records indicate you worked the following number of Work Weeks from May 4, 2020, to [Date of Preliminary Approval].

"Work Weeks" shall mean the number of calendar weeks during the Class Period in which you were assigned primary relief.

Your share of the Settlement before the deduction for taxes, union dues (as applicable), and other withholdings is currently estimated to be: <Payment>, based on your having worked <weeks> Work Weeks during the period of May 4, 2020 to [Date of Preliminary Approval] covered by the Settlement. Your estimated share of the Settlement includes <PAGA$>, which is your pro rata portion of the amount of the Settlement allocated to the Private Attorneys General Act (PAGA) claim for the time period of May 4, 2022 to [Date of Preliminary Approval].

2

**3.   What Is The Current Status Of The Settlement?**

A hearing concerning the fairness of the Settlement will be held before the Hon. Dale S. Fischer, on [Date and Time of Final Approval Hearing] to determine whether the case should be settled under the Settlement's terms. Class Members may attend the hearing via Zoom or in person at the United States District Court, First Street U.S. Courthouse, Courtroom 7D, 7th Floor, 350 W 1st Street, Los Angeles, CA 90012. Instructions for Appearance by Zoom are provided by the Court at: https://www.cacd.uscourts.gov/clerk-services/courtroom-technology/zoom-courtroom-proceedings.

**BECAUSE YOU HAVE BEEN IDENTIFIED AS A MEMBER OF THE CLASS, YOU DO NOT NEED TO DO ANYTHING TO BE ELIGIBLE TO RECEIVE A PAYMENT UNDER THE SETTLEMENT.**

**4.   Who Is Affected By This Settlement?**

The Court has certified, for settlement purposes, the following class (the "Class"):

> All current and former operators and lab workers of Marathon who worked at the Los Angeles Refinery, and who have been assigned primary relief shifts, from May 4, 2020 through [Date of Preliminary Approval].

According to Defendant's records, you are a member of the Class ("Class Member").

**5.   What Is This Case About?**

Plaintiffs allege that Defendant violated California wage and hour law for operators and lab employees at Marathon's refinery located in Carson and Wilmington, California, (the "Los Angeles Refinery") by not providing reporting time pay for primary relief shifts pursuant to Industrial Wage Commission ("IWC") Wage Order 1-2001.

Plaintiffs allege that by failing to pay reporting time pay for primary relief, Defendant also failed to provide accurate itemized wage statements, failed to timely pay all wages owed upon termination, and violated the Private Attorneys General Act, Labor Code 2698 *et seq*. The District Court authorized this lawsuit to proceed as a class action on June 4, 2024.

Defendant expressly denies any liability or wrongdoing of any kind whatsoever associated with the case, and Defendant contends that it has complied with all applicable state, federal, and local laws affecting Plaintiffs and the Class. Defendant is confident it has strong legal and factual defenses to these claims, but all Parties recognize the risks and expenses associated with continued litigation.

This Settlement is the result of good faith, arm's length negotiations between Plaintiffs, who are the Class Representatives, and Defendant, through their respective attorneys. All Parties agree that in light of the risks and expenses associated with continued litigation, the Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members.

The Court has not yet ruled on the merits of the Class's claims or Defendant's defenses. The Settlement is a compromise and is not an admission of liability on the part of Defendant.

6. **Who Are The Attorneys Representing The Parties?**

**The lead attorneys for the Class in the Class Action ("Class Counsel") are**:

| | |
|---|---|
| Jay Smith<br>Joshua F. Young<br>Emily Olivencia-Audet<br>GILBERT & SACKMAN<br>A Law Corporation<br>800 Wilshire Boulevard, Suite 1400<br>Los Angeles, California 90017<br>Telephone: (323) 938-3000<br>Fax: (323) 937-9139 | Randy Renick<br>Cornelia Dai<br>Sarah Cayer<br>HADSELL STORMER RENICK & DAI LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103<br>Telephone: (626) 585-9600<br>Fax: (626) 577-7079 |

**The attorneys for Defendant are**:

Catherine Conway
Jesse Cripps
Bradley Hamburger
Tiffany Phan
Madeleine McKenna
GIBSON, DUNN, & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Fax: (213) 229-7520

## THE TERMS OF THE SETTLEMENT

7. **What Are The Settlement Terms?**

Subject to final Court approval, Defendants will pay a total of $9,000,000 (the "Settlement Amount") for (a) Class Members' claims, to be allocated as set forth below; (b) PAGA penalties of $75,000, 75 percent (75%) of which ($56,250) will be paid to the California Labor and Workforce Development Agency ("LWDA"), and the remaining percent (25%) of which ($18,750) will be distributed among all Class Members and those who opt out ("Aggrieved Employees") in proportion to their share of the Settlement; (c) Court-approved Service Awards to the Class Representatives; (d) Court-approved Class Counsel's fees and costs; and (e) Court-approved costs of administering the Settlement.

8. **Class Members' Claims.**

The portion of the Settlement Amount available for distribution to Class Members (the "Net Settlement Proceeds") will be calculated by deducting from the Settlement Amount: (a) Payment to the LWDA for PAGA penalties; (b) the Class Representatives' Court-approved Service Awards; (c) Court-approved Class Counsel's fees and costs; and (d) Court-approved costs of administering the Settlement.

Each participating Class Member terminated during the Class Period will be allocated $1,000 for the Waiting Time penalty Claim under California Labor Code § 203 ("Waiting Time Penalty Allocation"). For the remaining Wage Order and Labor Code claims, each participating Class Member will receive his or her share of the Net Settlement Proceeds based on the number of Work Weeks they worked during the Class Period. The Class Period began May 4, 2020, and ended on [Date of Preliminary Approval].

The amount of each Class Member's work week allocation will be determined as follows:

> The Settlement Administrator will calculate the total number of Work Weeks worked by all Class Members during the Class Period. The Administrator will then divide the Net Settlement minus Waiting Time Penalty Allocation by the total number of Work Weeks worked by Class Members during the Class Period, resulting in a credit value for each Work Week. The Administrator will then take the credit value and multiply it by each Class Member's number of Work Weeks. The Administrator shall assign a minimum number of four (4) Work Weeks to each Class Member.
>
> ==In addition, If any Class Member opts out,== the Settlement Administrator will calculate each Aggrieved Employee share of the PAGA Settlement based on the number of Work Weeks worked by all Aggrieved Employees during the PAGA Period of May 4, 2022 to [==Date of Preliminary Approval==]. The Administrator will then divide the $18,750 by the number of Work Weeks worked by each Aggrieved Employee during the PAGA Class Period, resulting in a credit value for each Work Week. The Administrator will then take the credit value and multiply it by each Class Member's number of Work Weeks during the PAGA Class Period.

For income and payroll tax purposes, each Class Member's Individual Settlement Award will be allocated as follows: fifty percent (50%) to unpaid wages, twenty-five percent (25%) to penalties, and twenty-five percent (25%) to interest. The portions allocated to penalties and to interest will be subject to tax but will not be subject to required employee withholdings and deductions, and will be reported as non-wage income, as required by law. Consistent with applicable collective bargaining agreements, the Settlement Administrator will deduct union dues from the wage portion of each Class Member's payment and remit those dues to the applicable union.

Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member. None of the Parties or Parties' attorneys make any representations concerning the tax consequences of the Settlement or a Class Member's participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Members are solely responsible for determining the tax consequences of payments made pursuant to the Settlement and for paying taxes, if any, which are determined to be owed by each of them on such payments (including penalties and interest related thereto) by any taxing authority, whether state, local, or federal.

9. **Class Counsel's Attorneys' Fees and Costs, Class Representatives' Service Awards, and Administrative Costs.**

Plaintiffs will seek an award of attorneys' fees up to 25% ($2,250,000) of the $9,000,000 Settlement Amount, as well as the reimbursement of costs of approximately $50,000.

In addition, Class Counsel will ask the Court to authorize Service Awards of up to $15,000 to each of the two Class Representatives, in addition to the Individual Settlement Awards they will receive as Class Members, for their services in representing the Class in the Class Action.

The Parties estimate the cost of administrating the Settlement, including but not limited to giving notice to the Class, calculating the Individual Settlement Awards, and making the payments authorized under the Settlement, will be less than $25,000. Class Counsel will ask the Court to authorize those costs to be paid to the Settlement Administrator.

Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Costs will be available for review at least fourteen (14) days prior to the deadline for Class Members to object to the Settlement.

### 10. What Claims Are Being Released By The Settlement?

Upon Final Approval of the Settlement by the Court, the Class and each Class Member, including each Plaintiff jointly, severally, shall fully release and discharge Defendant and Released Parties from the Released Claims.

"Released Parties" shall collectively mean: Marathon and each and all of its current or former successors, subsidiaries, parents, holding companies, partners, affiliates, divisions and other related entities, joint ventures, predecessors, and other related entities, as well as the successors, predecessors, subsidiaries, investors, parent and affiliated companies, insurers, reinsurers, agents, employees, assigns, officers, officials, directors, attorneys, principals, heirs, administrators, vendors, accountants, auditors, consultants, fiduciaries, vendors, accountants, auditors, consultants, personal representatives, executors, and shareholders, including its pension, profit sharing, savings, health, and other employee benefits plans of any nature, and representatives of each of them, both individually and in their official capacities, past or present, as well as all persons acting by, through, under, or in concert with, any of these persons or entities.

"Released Claims" shall include any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, occurring up to the execution of this Settlement Agreement and arising out of the dispute which is the subject of the Actions or which could have been asserted in the Actions based on the facts alleged, whether in contract, violation of any state or federal statute, rule or regulation, arising out of, concerning or in connection with any act or omission alleged in the Actions by or on the part of Released Parties, including, without limitation, those relating to the failure to pay reporting time pay, failure to pay for travel time, failure to provide accurate wage statements, failure to timely pay wages due at the time of termination of employment, penalties relating to inaccurate wage statements, or other alleged wage and hour violations and related record-keeping requirements, including, without limitation, violation of Business & Professions Code section 17200, the applicable California Industrial Welfare Commission Order, or any other California or federal laws relating to the failure to pay wages and penalties based on the facts alleged in the Complaints.  ("Class Claims Released").  Class Claims Released include any unknown claims that participating Settlement Class Members do not know or suspect to exist in their favor, which if known by them, might have affected this Settlement Agreement with Marathon and release of the Released Parties, including, but not limited to, conduct that is intentional, negligent, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Claims Released do not include any workers' compensation claims, claims for physical bodily harm, discrimination claims, or any other claims not directly related to the Class Claims Released..

"Released PAGA Claims" shall include all claims under PAGA, California Labor Code sections 2698, et seq., that were or could have been asserted based on the facts and allegations made in the Action, and any amendments thereto, as to the Class Members, including without limitation, California Labor Code sections 200-203, 226, 226.3, and 2698, *et seq.*, and California Industrial Commission Wage Orders, and including all claims for or related to the assignment or failure to compensate for on-call or primary relief shifts, class actions, representative actions, aggrieved party claims, injunctive relief, declaratory relief, liquidated damages, penalties of any nature (including but not limited to civil penalties, statutory penalties, and PAGA penalties), interest, fees, costs, as well as all other claims and allegations alleged in the Action, from May 4, 2022, through preliminary approval.

Mandatory Release of PAGA Claims: In addition, regardless of whether you exclude yourself from the Settlement, you will be releasing your claims for civil penalties under the Private Attorneys General Act

("PAGA"), California Labor Code § 2698 *et seq*., for the California Labor Code violations that were or could have been asserted based on the facts and allegations made in the Action. Class Members cannot opt out of the settlement of these PAGA claims and are still entitled to their PAGA settlement payments regardless of whether they submit an exclusion request.

## WHAT ARE MY OPTIONS IN THIS MATTER?

You have three options under this Settlement, each of which is discussed below. You may: (A) do nothing, remain in the Class, and receive your share of the Settlement; (B) challenge the number of Work Weeks indicated on the first page of this Notice while remaining in the Class so that you can receive your share of the Settlement; or (C) exclude yourself from the Class and from the Settlement. If you choose option (A) or (B), you may also object to the Settlement as explained below.

If you remain in the Class, you will be represented at no cost by Class Counsel. Class Counsel, however, will not represent you for purposes of making objections to the Settlement. If you do not timely exclude yourself from the Settlement (Option C), you will be subject to any Judgment that will be entered in the Class Action, including the release of the Released Claims as described above—whether or not you cash your share of the Settlement.

**OPTION A. If you agree with the number of Work Weeks indicated at the top of this Notice, and you wish to participate in the Settlement, you need not take any further action**. If you wish to remain in the Class and be eligible to receive a payment under the Settlement, you do not need to take any action. If this Settlement receives the Court's final approval, a check will be sent to you at the address on this Notice. Settlement checks will be valid for 180 days. If a check is not cashed, the Administrator will attempt to contact you and may reissue the check. If a check ultimately remains uncashed, the funds will be transferred to the California State Controller's Office Unclaimed Property Fund in accordance with California law.

**OPTION B. If you DO NOT agree with the number of Work Weeks indicated at the top of this Notice, but you DO wish to participate in the Settlement, you must take the following action:** Complete and send a letter by United States or electronic mail titled "Notice of Dispute" to the Settlement Administrator at the address/e-mail listed below or by submitting through the Administrator's website, which can be found at [Insert website address] explaining that you dispute the total, together with any supporting written documentation. Such documentation may consist of official records, pay stubs, weekly schedules, or personal logs. To be considered, the Notice of Dispute and supporting written documentation must be received by the Settlement Administrator no later than <30 DAYS FROM MAILING>. The Settlement Administrator will make a final and binding determination regarding any disputes by <40 DAYS FROM MAILING>. The Settlement Administrator will inform you of the final determination by telephone followed by e-mail or, if no e-mail address is available, by regular U.S. Mail. If the Settlement receives the Court's final approval, your Settlement payment check will be sent to you by United States mail at the address on this Notice.

**OPTION C. If You Do Not Want to Be Bound by The Settlement**. If you do not want to be part of the Settlement, you must submit a signed written request to be excluded from the Settlement entitled ("Opt Out Request") to the Settlement Administrator at the address or e-mail listed below or by submitting the request through the Administrator's website, which can be found at [Insert website address]. In order to be valid, your Opt Out Request must be postmarked on or before <60 DAYS FROM MAILING> and must contain (i) the case name; (ii) the Class Member's full name, address, telephone number, and last four digits of the Social Security number; (iii) the words "Request for Exclusion" at the top of the document; (iv) the Class Member's personal signature; and (v) the following statement:

> I wish to be excluded from the Settlement of the Action, *Louis Butel and Pam Mocherniak v. Marathon Refining and Logistics Services LLC,* Case No.: 2:23-cv-04547-DSF-JPR, currently pending in the United States District Court for the Central District of California.

If you opt out, you will not receive the full amount of the Individual Settlement Payment. Instead, you will be entitled to a lesser amount only that corresponds to the settlement of claims for civil penalties under PAGA. Class members cannot opt out of the settlement of these PAGA claims and are entitled to their PAGA settlement payments regardless of whether they submit an exclusion request.

If you do not timely submit a valid, executed Opt Out Request (as evidenced by the postmark), your Opt Out Request will be rejected, you will be deemed a Class Member, and you will be bound by all Settlement terms, including but not limited to the release of Released Claims as described in the "What Claims are Being Released by the Settlement?" section above.

If you timely submit an executed Opt Out Request, you will have no further role in the Class Action, and for all purposes, you will be regarded as if you never were either a party to the Action or a Class Member, and thus you will not be entitled to any benefit as a result of the Class Action and will not be entitled to or permitted to assert an objection to the Settlement. **Do not submit both a Notice of Dispute and an Opt Out Request.** If you do, the Opt Out will be deemed invalid, and you will be included in the Settlement Class, and you will be bound by the terms of the Settlement.

By law, you are not permitted to opt out of the Released PAGA Claims and you will be paid your pro rata share of the amount of the settlement allocated to PAGA.

**11. <u>Who is the Settlement Administrator?</u>**

The Settlement Administrator is:

<div align="center">
A.B. Data, Ltd.<br>
P.O. Box 170500<br>
Milwaukee, WI 53217<br>
Telephone: [___]<br>
Fax: [___]<br>
Website Address: [___]
</div>

**12. <u>Objecting to the Settlement.</u>**

If you believe the Settlement is unfair or inadequate in any respect, you can ask the Court to deny approval by filing a timely objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or disapprove the Settlement. If the Court denies approval, no settlement payments will be made, and the Class Action will continue. **You cannot object to the Settlement if you request exclusion from the Settlement** as provided under Option C, above.

To object, you must send or deliver to the Claims Administrator a personally signed written statement stating (i) your name, address, telephone number, and the last four digits of your Social Security number; (ii) the case name and number (*Butel, et al., v. Marathon Refining and Logistics Services LLC, et al.*, Case No. 2:23-CV-04547-DSF-JPR); (iii) a statement of the reasons for your objection; (iv) whether your objection applies to you individually, to a subset of the Class, or to the entire Class; and (v) whether you intend to appear at the Final Approval Hearing (in person or through counsel). Your objection must be postmarked on or before <60 DAYS FROM MAILING>.

Any objection to the Settlement must be in writing. This requirement may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection.

If a Party chooses to take your deposition, you must be available for deposition within 75 miles of the Court. Any objector who fails to appear for a duly noticed deposition may be deemed to have withdrawn the objection.

If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

Any Class Member who does not object to the Settlement in the manner described above may be deemed to have waived any objections and shall be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees and costs, the Service Awards to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

Likewise, even if you file an objection, you will be bound by the terms of the Settlement, including applicable releases as set forth above, unless the Court does not finally approve the Settlement.

Only Class Members who submit a timely objection have the right to appeal a judgment entered in accordance with the Settlement.

### THE COURT'S FINAL FAIRNESS HEARING

**13. What Is The Next Step In The Approval Of The Settlement?**

The Court will hold a Final Approval Hearing on the fairness and adequacy of the Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the Service Awards to the Class Representatives on [ ] at [ ] a.m. Class Members may attend the hearing via Zoom or in person at the United States District Court, First Street U.S. Courthouse, Courtroom 7D, 7th Floor, 350 W 1st Street, Los Angeles, CA 90012. Instructions for Appearance by Zoom are provided by the Court at: https://www.cacd.uscourts.gov/clerk-services/courtroom-technology/zoom-courtroom-proceedings.

The Final Approval Hearing may be continued without further notice to Class Members. You are advised to check the Settlement website at [Website Address] or the Court's Public Access to Court Electronic Records (PACER) website at https://ecf.cacd.uscourts.gov site to confirm that the Final Approval Hearing date and/or time has not been changed. You are not required to attend the Final Approval Hearing to receive your share of the Settlement.

**14. How Can I Get Additional Information?**

This Notice only summarizes the Class Action, the basic terms of the Settlement, and other related matters. For the precise terms and conditions of the Settlement, please see the Joint Stipulation of Class Action Settlement and Release, available at [Website Address] by contacting Class Counsel at the address and telephone number listed above, by accessing the Court docket in this case through PACER at https://ecf.cacd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, First Street U.S. Courthouse, Courtroom 7D, 7th Floor, 350 W 1st Street, Los Angeles, CA 90012 between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays

The Joint Stipulation of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees and

Reimbursement of Costs will be available for review at least <14 days prior to opt-out/objection deadline> on the Settlement website at [Website Address].

Any questions regarding this Notice should be directed to the Settlement Administrator or to Class Counsel at the above addresses and telephone numbers.

### 15. What Happens If My Address Has Changed Or Changes?

Your payment will be sent to the address on this Notice. Therefore, if your address changes or is different from the one this Notice was sent to, you must correct it by notifying the Settlement Administrator on the Settlement Website, which can be found at [Website Address].

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.**