JS-6

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOUIS BUTEL and PAM MOCHERNIAK, individually and on behalf of all similarly situated current and former employees,

Plaintiffs,

v.

MARATHON REFINING AND LOGISTICS SERVICES LLC, and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:23-cv-04547-DSF-DMKx

**JUDGMENT**

The Court enters final judgment in this action as between Named Plaintiffs Louis Butel and Pam Mocherniak and the Class and Defendant Marathon Refining Logistics Services, LLC (Defendant or Marathon), as defined in Federal Rule of Civil Procedure 58(a). Pursuant to this Final Judgment:

1.      All Released Claims of Plaintiffs and the Class are released as against Defendant and all other Released Parties as defined in the Settlement. As of the Effective Date of the Settlement, as defined in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, as well as the Class Representatives' Released Claims, are and shall be deemed to be conclusively released as against the Defendant. Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Judgment who did not timely opt out are forever barred and enjoined from commencing or prosecuting any of the Released Claims, either directly, representatively or in any other capacity, against Defendant.

2.      Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

3.      The parties and the Settlement Administrator are ordered to comply with the terms of the Settlement and the Court's Order Granting Motion for Final Approval of Settlement Agreement.

4.      This action is dismissed with prejudice as against the Defendant, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

5.      This document constitutes a final judgment and separate document for purposes of Federal Rule of Civil Procedure 58(a).

6.      The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and that there is no just

1

reason for delay in the entry of this Final Judgment as to Plaintiffs and the Class and Defendant.

**IT IS SO ORDERED.**

DATED: April 30, 2026

DALE S. FISCHER
United States District Judge